UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | |
|---|---|
| Devodus Rouse, ) | C/A No.: 4:15-cv-130-BHH-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| ) | |
| Warden, Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Devodus Rouse (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 12, 2015. Respondent filed a motion for summary judgment on March 20, 2015, along with a return and memorandum. (Docs. #12 and #13). The undersigned issued an order filed March 20, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #14). Petitioner filed a response on April 20, 2015. (Doc. #16).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the Perry Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Florence County. Petitioner was indicted by the Florence County Grand Jury during the April 2008 term, for the charges of murder and misprison of felony. Petitioner went to a jury trial on the murder charge. Petitioner was represented by H. Lee Herron, Esquire. The State was represented by Solicitor Edgar Lewis Clements, III.

Petitioner proceeded to trial by a jury before the Honorable Ralph King Anderson, Jr., Circuit Court Judge on January 12-14, 2009. The jury convicted Petitioner of the lesser-included charge of voluntary manslaughter, and Judge Anderson sentenced Petition to twenty-five (25) years of imprisonment with credit for time served.

**Direct Appeal**

Petitioner filed a direct appeal of his conviction and sentence pursuant to Anders v. California, 386, U.S. 738 (1967). Petitioner was represented by Joseph L.

2

Savitz, III, then Senior Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. The issue raised in the Anders brief was as follows:

> The trial judge committed reversible error by failing to instruct the jury on self-defense.

On June 8, 2011, the South Carolina Court of Appeals filed an order dismissing the direct appeal and relieved counsel. The remittitur was issued on June 28, 2011.

## **PCR**

On June 20, 2011, Petitioner filed an Application for Post-Conviction Relief (PCR), asserting the following claims:

(A)  Was counsel ineffective for failing to object to the solicitor's improper closing?
(B)  Was counsel ineffective for failing to object to the prosecution's improper bolstering that resulted in impermissible vouching for a state's witness?
(C)  Was counsel ineffective for failing to object to the trial court's jury instructions that impermissibly shifted the burden in violation of the due process clause?

(Attachment 1, p. 695-714).

An evidentiary hearing in this action was held on October 15, 2012, before the Honorable Thomas A. Russo, South Carolina Circuit Court Judge. Petitioner was present and was represented by Tristan Shaffer, Esquire. The State was represented by Tyson Andrew Johnson, Sr., of the South Carolina Attorney General's Office.

Petitioner and his trial counsel, H. Lee Heron, testified during the hearing.

The PCR court filed an Order of Dismissal on November 6, 2012, denying the application. Petitioner filed a Notice of Motion and Motion for Reconsideration which was denied by order filed February 6, 2013. (Attachment 1, p. 800-03).

**PCR Appeal**

Petitioner filed a Notice of Appeal and was represented by Mr. Shaffer, pro bono, along with Susan Hackett of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the petition for writ of certorari, Petition raised the following issues:

1. In violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, trial counsel failed to object to the trial court instructing the jury that it could consider the lesser-included offense of voluntary manslaughter where no evidence existed to support a verdict of the offense.

II. Petitioner's conviction for voluntary manslaughter violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution where the record contains no evidence that Petitioner acted in the sudden heat of passion based upon sufficient legal provocation.

III. In violation of Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution, trial counsel failed to request that the jury be instructed on the law of self-defense where evidence in the record indicated Petitioner acted in self-defense.

The State filed a Return to the Petition for Writ of Certiorari. (Attachment No.

4). By Order filed December 4, 2014, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and the remittitur was issued on December 22, 2014. (Attachments No. 5 and 6).

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE: Trial counsel failed to object to trial court instructing the jury that it could consider the lesser included offense of voluntary manslaughter.

Supporting Facts: During a charge conference the state requested a charge on the lesser included offense voluntary manslaughter. There never was no evidence to the fact that Petitioner acted in a state rage or heat of passion, the State's case at trail, that decedent was defending his self of a attempted robbery. Trail counsel admitted that these was no evidence of the charge, he close not object as he testified at PCR trial, cause it helped Petitioner, cause convicted on Voluntary Manslaughter and not on murder by implying this theroy you would have to conclude that the jury would have found the Petitioner guilty of murder, which is an unfiar and prejudicial assumption, cause no one knows a jury mind. Even more, this strategy was based upon a misunderstanding of law. At last, this assumption by trial counsel was discredited by the fact trial records show the jury deliberated several hours and was given

5

an Allen charge. Trial counsel violated Petitioner's Sixth (6) Amendment right guaranteed, by the U.S. Constitution to effective assistance of counsel, by making this assumption and failing to object to this jury charge where there was no evidence to support verdict of this lesser-included offense.

GROUND TWO:     The conviction for voluntary manslaughter was a violation of Petitions right to Due Process.

Supporting facts:     The State never provided at trail no evidence to support a charge of voluntary manslaughter. The elements of a crime was not only not provided beyond a reasonable doubt they were absent all together. In order to support a conviction on voluntary manslaughter there would have to be evidence of Petitioner acting in a "heat of passion" this element was moot at trail. Therefore, petitioner's right to Due Process as provided by the Due Process Clause of the Fourteenth Amendment U.S. was violated by this conviction.

GROUND THREE:     Trial Counsel was ineffective for not requesting a self defense instruction of law, where evidence of self-defense was present.

Supporting facts:  The statement "it was him or me", according to the testimonies of Petitioner's girlfriend Farhonda Pompey was made by Petitioner also Travis James stated he made this statement. The State used this to show as evidence as guilt to the jury. However if you take this statement along with testimony from above mentioned witnesses that

> Petitioner had bruise above right eye and scratch on his face and that testimony to the fact that Petitioner susposably stated the deceased pulled the gun on him and a fight ensued. The State used all this testimony in his opening and closing statement also again in the charge conference. By using this evedence you would also have to percieve if believed, that Petitioner was acting in self defense. However with the prensence of this evidence and the Court itself inquiring if the parties would like him to give a self defense charge. The State objected and trial councel agreed it was inapplicable. By agreeing to the objection by the State and asking for the self defense instruction, expecially in light that the jury struggle with this case having to request a copy of Mrs. Pompey's testimony again, requeste clarification between murder and voluntary manslaughter. Four and a half hours delifieration jury deadlocked, Allen charge given, 1 hour later elements of charges, then within ten minutes of recharge guilty verdict. It's a very plausible belief that if self-defense charge was given to jury they would have used that to aquit the Petitioner. Thereby, not requesting this charge trial counsel's performance was below an acceptable standard and was prejudcial to Petitioner. This affect cause a violation of Petitioner's Sixth Amendment right to effective councel afford by the U.S. Constitution.

(Petition)(error in original).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

Ground One

In Ground One of the federal habeas petition, Petitioner alleges trial counsel was ineffective in failing to object to the trial court's instruction to the jury of the lesser included offense of voluntary manslaughter which he was ultimately convicted of by the jury. Specifically, Petitioner contends that there was no evidence presented

at trial to indicate that he acted in the heat of passion.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's

representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal.

The PCR court held as follows with regard to this issue:

> In a case where Applicant was originally charged with murder but then later convicted of voluntary manslaughter, Applicant testified his counsel was ineffective for failing to object to the jury charge on voluntary manslaughter. Applicant couples with an additional argument that the state failed to prove voluntary manslaughter. Counsel testified that since his client was charged with murder, realizing the ability to provide the jury with a lesser alternative to a murder conviction was actually a very effective outcome for his client, in the light of the alternative which was a murder conviction. Counsel indicated he felt that the State suggesting the jury charge for manslaughter was an error that he and his client were able to capitalize on. Essentially counsel used the State's mistake to his client's advantage, and he also felt the charge indicated the State had some doubt as to whether it could prove a murder case. Counsel testified he naturally would have asked for voluntary manslaughter or anything other than murder. Applicant was in fact then convicted of voluntary manslaughter rather than murder. Applicant's claim in this regard has no merit and is hereby denied and dismissed.
>
> I find that counsel's performance was not deficient under these circumstances. Applicant failed to overcome the presumption that counsel rendered effective performance. In reaching this conclusion, this Court finds counsel's testimony credible and gives it great weight. This Court does not find Applicant's testimony credible. For these reasons, I find that counsel was not ineffective with regard to his conduct of the trial. I find that counsel was not deficient in this respect, nor was applicant prejudiced [b]y any alleged deficiency. Further, I find counsel's trial preparation and actions were reasonable under prevailing professional norms, and therefore this claim is denied.

(Tr. 797-798).

13

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. Trial counsel testified at the PCR hearing that he would have asked for anything other than murder which carried a sentence of a mandatory minimum of thirty years. (Tr. 730). Counsel testified that he thought it was a mistake for the State to request a voluntary manslaughter charge, but it was not his job to object when the State makes a mistake. (Tr. 745). Counsel felt their mistake helped his client and stated that he discussed with Petitioner that "well, now you don't' have thirty years sitting on the table, now you've got two outs. " Id. Counsel testified that "at the end of the day that's –it really helped him because the jury came back with not guilty of murder, but found him guilty of voluntary manslaughter." (Tr. 746). Further, trial counsel testified at the PCR hearing that "this case started out as a murder case and now all of a sudden the State is saying, well, maybe it wasn't murder and I said–you know, I tried to demonstrate to the jury that showed that the

14

State had some hesitance in their own mind of whether or not this was actually murder, but they changed that at the last moment. So I 'm pretty sure I made that argument to the jury." (Tr. 747). Trial counsel testified that he could have objected to the voluntary manslaughter charge but that ". . . would have meant it would have been murder or nothing." (Tr. 748). In fact, counsel testified that he did in fact state that he had no objection to the charge of voluntary manslaughter. (Tr. 749).  Therefore, Counsel articulated valid strategic reasons for not objecting to the requested charge of voluntary manslaughter. Thus, the  state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Accordingly, it is recommended that Respondent's motion for summary judgment be granted as to Ground One.

Ground Two

In Ground Two of the habeas petition, Petitioner asserts that the conviction for voluntary manslaughter was a violation of his due process rights because the State did not present evidence to support the elements of voluntary manslaughter beyond a reasonable doubt. Respondent argues that this is a free standing claim alleging error in the charge of voluntary manslaughter because there was no objection at trial as trial counsel agreed to the lesser-included offense without objection. Further, Respondent

argues that this issue was not raised in Petitioner's direct appeal.

Any due process argument on this issue was not presented to the state courts and would be procedurally defaulted as a free standing constitutional claim. This issue was not addressed on direct appeal or by the state court of appeals, as a violation of due process. The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick" <u>Mallory</u>, <u>supra</u> *quoting* <u>Martens v. Shannon</u>, 836 F.2d 715, 717 (1st Cir. 1988). Therefore, this issue is barred from habeas review.

<u>Ground Three</u>

In Ground Three, Petitioner argues that trial counsel was ineffective for failing to request a jury charge of self-defense. Respondent asserts that PCR court's ruling was reasonable.

At the PCR hearing, trial counsel testified that they would not have put up any evidence that it was self-defense because Petitioner's story the entire time to counsel was that he did not have anything to do with it. (Tr. 737). Counsel testified that "...so I didn't want to get in front of a jury and say, ladies and gentlemen of the jury, Mr.

Rouse didn't do it; it was somebody else, but just in case you do believe it was him, give us a self-defense charge. And I just didn't think that was a smart strategy. . ." Id. He went on to testify that he could not make up a defense that his client had not told him about and had not given him any kind of self-defense argument to make. (Tr. 738). If he had argued self-defense and not had anything to back it up with, he believed he would have lost all credibility with the jury. Id. Additionally, Petitioner had always maintained that he had nothing to do with it. (Tr. 739).

> The PCR court held the following with respect to this issue:
>
>> Counsel testified that his client's refusal to testify would have made that defense difficult if not impossible. Also, counsel indicated that a self-defense claim would have been inconsistent with the known facts, as he felt the jury would have likely believed that the Applicant can't start a fight then claim self-defense. Counsel testified, "I can't make up a defense my client hasn't told me about and hasn't given me evidence to make." This court finds counsel credible, and does not find Applicant credible. The evidence based on the testimony of the parties was that counsel's not raising a self-defense argument was based on reasonable trial strategy. Therefore this Court does not find Applicant's argument persuasive, and trial counsel's position is well taken.

(Tr. 797).

In this case, Petitioner has not shown that counsel's failure to request a charge on self-defense was objectively unreasonable such that it rendered his performance deficient. Petitioner has failed to demonstrate that the PCR court erred in determining

that trial counsel was not deficient in failing to request a self-defense charge and has failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had requested the charge. Strickland, 466 U.S. at 687, 694. The PCR court found that trial counsel made a strategic decision. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). The findings made by the PCR court are entitled to deference and Petitioner has failed to point to sufficient evidence to overcome that deference.

Accordingly, the PCR court's finding of a lack of error in or prejudice resulting from trial counsel's decision not to request a charge of self-defense is not "contrary to, nor does it involve an unreasonable application of, clearly established Federal law; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d)(1),(2); Williams, supra. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Three.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be

dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #12) be granted and the petition be dismissed without an evidentiary hearing.

                                                                 Respectfully submitted,

                                                                 s/Thomas E. Rogers, III
August 14, 2015                                Thomas E. Rogers, III
Florence, South Carolina                   United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.