UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Devodus Rouse, #332635<br><br>                    Petitioner,<br>vs.<br><br>Warden, Perry Correctional Institution,<br><br>                    Respondent. | Civil Action No.: 4:15-cv-130-BHH<br><br>**Opinion and Order** |

Petitioner, Devodus Rouse, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), DSC., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed without an evidentiary hearing. (ECF No. 18.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On August 14, 2015, the Magistrate Judge issued a Report; and on September 14, 2015, Petitioner filed his Objections. (ECF No. 27.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The

Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that Ground Two was procedurally defaulted and the Court agrees. Moreover, Petitioner has made no showing of cause for his failure to raise this claim or actual prejudice, nor does he demonstrate that failure to consider this claim would result in a miscarriage of justice. *See Coleman v. Thompson,* 501 U.S.

2

722, 749–750 (1991). Therefore, the Court is unable to review Ground Two under § 2254.

As for the remaining claims, Petitioner's objections fail to direct the Court to any flaw in the Magistrate Judge's analysis. Rather, Petitioner merely rehashes arguments that he made in his response to the motion for summary judgment, arguments that were properly considered and rejected by the Magistrate Judge. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here.

Accordingly, the objections are overruled, and the court accepts the recommendation of the Magistrate Judge and adopts the Report in full.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 12.) is GRANTED and Petitioner's § 2254 petition is DISMISSED without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.

3

> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 11, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.